In the Matter of THEODORE C. WENZL, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents.

Third Department, April 27, 1978

### APPEARANCES OF COUNSEL

*Kohn, Bookstein & Karp (Edward L. Bookstein* of counsel), for appellant.

*Roemer & Featherstonhaugh (James W. Roemer, Jr.,* of counsel), for Civil Service Employees Association, Inc., respondent.

*Salmon & Wilkinson* for Amsterdam Data Processing Corp., respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Petitioner, a candidate for re-election in 1977 to the post of president of the Civil Service Employees Association (CSEA, a respondent herein), brought this proceeding to compel a manual recount of all ballots cast for that post. In March, 1977, respondent Amsterdam Data Processing Corp. (Amsterdam) contracted with CSEA to conduct its election of officers according to specified procedures. Voting would be by computer cards, the voter punching out a "chad" next to the name of the desired candidate. The computer could "read" each ballot and tabulate the results. Procedures for voting and filing ballots, tabulating and monitoring the election were established. The final count took place June 28, 1977.

The vote showed petitioner trailing one of his rivals, William McGowan, by less than 100 votes out of 50,000 cast. A recount held two days later revealed miscounted ballots and other errors, and the margin was reduced to 38 votes. Petitioner wrote a letter of protest to Bernard Schmahl, chairman of CSEA's special election procedures committee, raising various irregularities in the ballots and balloting. By notice dated July 7, 1977, the committee rejected petitioner's protest and later detailed the reasons for the rejection.

Petitioner then retained counsel and on July 8 counsel notified Amsterdam's manager that representatives of the firm would visit the company's premises on Monday, July 11, to review ballots and other materials as provided for in the CSEA's rules and regulations.

Petitioner's counsel's affidavit states that when he and his associates arrived for inspection, they were informed that Amsterdam's managers had been advised not to permit them to handle any election materials. Amsterdam's representative suggested that counsel arrange to inspect the ballots under supervision. Counsel spoke to James Roemer, CSEA's attorney, to arrange that inspection. Roemer agreed to permit the review on July 18 and 19. Roemer's affidavit states that petitioner could have inspected the materials July 11, but his affidavit relies on hearsay and petitioner's version is supported by other affidavits.

Petitioner's counsel wrote to Roemer July 28, 1977 raising new objections to the ballots and conduct of the election. Roemer forwarded the letter to Mr. Schmahl, who informed

petitioner by letter dated August 3 that his challenges had been dismissed by the special election procedures committee as untimely. He advised petitioner that the "rules and regulations further provide, however, that all protests to the election must be made no later than July 15, 1977."

Petitioner challenges the vote in this proceeding pursuant to section 618 of the Not-For-Profit Corporation Law. Special Term dismissed the petition holding that petitioner had failed to exhaust his remedy within the union by filing a timely protest and, thus, a Supreme Court review would not lie.

We are asked to decide whether respondent CSEA had properly established and published the date of July 15, 1977 as the last day for filing protests and, if they had, whether they should be estopped from raising the untimeliness of the protest as a bar to a challenge of the election. We hold that the date was not properly adopted and, thus, cannot be raised as a limitation.

CSEA concedes that the July 15 deadline does not appear in the association's constitution and by-laws, in the rules and regulations governing the election, and in its published timetable for the 1977 election. CSEA argues, nevertheless, that it was duly adopted by the board of directors. The record reveals otherwise. The only mention of the date in the record is in a document entitled "Final Report of the Committee to Restructure CSEA", dated October, 1974, which appears to be a report of delegates to a State-wide convention. No minutes of any meeting of the board of directors were submitted and respondent does not contend that the proposal was otherwise adopted. CSEA does argue that the board was bound by the recommendations of the delegate report. This assertion cannot be credited in the absence of any regulation so stating and in light of the evidence that other proposals in the report were clearly ignored. In sum, the record is devoid of any evidence that the July 15 deadline was ever properly adopted.

Even assuming *arguendo* that the date had been adopted, we are unable to hold that a candidate should be charged with knowledge of a deadline which does not appear in the election rules and regulations or the election timetable. Such documents are drafted to insure smooth and even-handed conduct of elections. Any election committee decision based on information that should have been included in these materials but was "inadvertently omitted" has to be arbitrary. That does not comport with respondent's professed ideal of guaranteeing

honest and unbiased elections that will stand beyond reproach.

Arguing that petitioner may have had knowledge of the phantom date ignores the fact that counsel for CSEA had knowledge of the date at the time of Wenzl's original complaint and yet, consented to an examination of the voting records on July 18, three days after the date sought to be imposed upon petitioner Wenzl.

We conclude that petitioner was improperly barred from raising objections to the election. In light of this, we deem petitioner to have exhausted his internal union remedies and we hold that Special Term erred in dismissing the petition.

The judgment should be reversed, on the law and the facts, without costs, and the matter remitted for further proceedings not inconsistent herewith.

MAHONEY, P. J., GREENBLOTT, SWEENEY, STALEY, JR., and MAIN, JJ., concur.

Judgment reversed, on the law and the facts, without costs, and matter remitted for further proceedings not inconsistent herewith.